IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
DEC 1 2 2007
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Avon A. Butler, Sr., )
    Plaintiff, )
 )
v. )   1:07cv1196 (GBL/TRJ)
 )
Gene M. Johnson, et al., )
    Defendants. )

<u>MEMORANDUM OPINION</u>

Avon A. Butler, Sr., a Virginia inmate proceeding <u>pro se</u>, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, against Gene M. Johnson, the Director of the Department of Corrections, Robert C. Wrena, Clerk of the Circuit Court for the County of Greensville, Virginia, and four employees of the Southside Regional Jail for alleged violations of his constitutional rights. He seeks damages in the amount of one million dollars. Plaintiff has also submitted an application to proceed <u>in forma pauperis</u>, but his application is not complete. For the reasons stated below, plaintiff's claims against defendants Johnson and Wrena will be dismissed pursuant to 28 U.S.C. § 1915A(b).[1] Plaintiff will be directed to provide additional information concerning his claims against

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

defendants Lance Forsythe, Tim Barber, David Allen, and A. Robinson, named defendants employed by the Southside Regional Jail.

## I.

The allegations in plaintiff's complaint are quite difficult to discern, but it appears that he is making five claims. In claim 1, plaintiff complains about the time inmates sentenced in Greensville County, Virginia must wait "to be classified." According to the complaint, "[i]f you are sentence[d] in Greensville/Emporia [sic] Emporia Co. Cir. Court[,] you are subject to not be [sic] classified for (8) eight month [sic] to (1) one year from date of sentencing[.]" Plaintiff lists claim 1 under a section entitled "Due Process of Law," but is unclear how, if at all, an eight to ten month waiting period for "classification" would violate plaintiff's guarantees of due process. In claim 2, plaintiff appears to make general complaints about opportunities to work, earn pay, receive "technical training," a "lower level of recreation," and participate in "pre-release programs." According to the complaint, once classified, Virginia will provide an inmate with counseling services and the inmate will have the opportunity to work, seek placement in the trustee program, and "earn good time credits." Allegations concerning claim 2 appear under sections in the complaint entitled "Due Process of Law" and "Equal Protection Clause." Plaintiff does not make clear how the allegations in claim 2 violate his due process rights. With respect to the Equal Protection Clause, plaintiff appears to allege that Virginia Department of Corrections ("VDOC") inmates who are housed in local or regional jails may not be getting the same opportunities to participate in programs and counseling services offered by the VDOC. It appears, although it is not entirely clear, that Southside Regional Jail may not be providing these programs to plaintiff. In claim 3, plaintiff alleges that the "Greensville/Emporia Co. Cir. Court [is] not sending sentence order [sic] to VDOC in a timely manner." As a result of this

delay, plaintiff alleges that a "delay in classification for inmate's [sic] from that area being [sic] anywhere from (8) months to (2) two years[,] if not longer." In claim 4 plaintiff makes a variety conclusory and unexplained claims concerning the authority of the VDOC to "compel local and regional jail[s] to comply with its substantive regulations in holding long-term felons," and the VDOC's lease of space from local jails. In claim 5, plaintiff appears to claim that he is subject to cruel and unusual punishment and "substantially worse conditions of confinement than "our counterpartners in the VDOC." As evidence that he is subject to cruel and unusual punishment, plaintiff appears to allege that he is suffering from being "mentally disable [sic] of receiving help in area's [sic] of counseling and not knowing how and when your release is coming from." Again, it is unclear, but it appears that plaintiff may be claiming that the jail's failure to classify him as a VDOC inmate is leading to some kind of mental injury. As evidence that he is subject to "substantially worse conditions of confinement than his "counterpartners," plaintiff appears to claim that he is subjected to "lock down" for 19 hours per day. He also appears to claim that this "lock down" is cruel and unusual punishment for "misdemenor [sic] charged and low level felonies class level 1."

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S.

3

69, 73 (1984).

### III.

Although district courts have a duty to construe pleadings by pro se litigants liberally, a pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D.Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against them.

A. Claims against defendant Johnson

Plaintiff has failed to state a § 1983 claim against defendant Johnson, the Director of the Virginia Department of Corrections. As an initial matter, plaintiff has failed to connect, even in the most cursory and conclusory way, the allegations in his complaint, the majority of which appear to concern acts or omissions occurring at Southside Regional Jail, to any alleged acts or omissions on the part of defendant Johnson. There is no allegation in the complaint that defendant Johnson was personally involved in the deprivation of any of plaintiff's constitutional rights. Moreover, plaintiff does not assert that defendant Johnson should be held liable in a supervisory capacity for any constitutional injuries inflicted upon him by Johnson's subordinates.

Supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). This liability is not premised on respondeat

superior, but upon "a recognition that supervisory indifference or tacit authorization of subordinates misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. at 798 (quoting Slankan, 737 F.2d at 372-73). "[L]iability ultimately is determined 'by pinpointing the persons in the decisionmaking chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" Id. at 798 (quoting Slakan, 737 F.2d at 376). In order to establish supervisory liability under § 1983, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. at 799 (citations omitted). But the complaint fails to allege facts or claims indicating that defendant Johnson had any actual or knowledge that any of his VDOC subordinates were engaging in conduct posing any kind of risk, much less a "pervasive and unreasonable" risk, of constitutional injury to the plaintiff. Moreover, the complaint contains no allegations of fact which would suggest that any response on the part of defendant Johnson was so inadequate as to evidence deliberate indifference to any alleged constitutional violations. Accordingly, because the complaint fails to state a § 1983 claim against defendant Johnson, plaintiff's claims against this defendant will be dismissed. 28 U.S.C. § 1915A(b)(1).

B. Claims against defendant Wrena

Plaintiff's claims against defendant Wrena, the Clerk of the "Greesnville/Emporia Cir. Court.," will be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) because plaintiff appears to seek damages from a defendant who is immune from suit. It is well-recognized that the immunity enjoyed

5

by judicial and quasi-judicial officers, "including prothon[a]taries," applies to cover public officials acting pursuant to court directive. See Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969), cert. denied, 396 U.S. 941 (1969). The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as clerks because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (quoting Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir. 1989)); see also Pink v. Lester, 52 F.3d 73 (4th Cir. 1995); Ashbrook v. Hoffman, 617 F.2d 474, (7th Cir. 1980) (collecting cases on immunity of court support personnel).

Based on the allegations in the complaint, it appears that plaintiff is suing defendant Wrena on account of the circuit court's failure "to send sentencing orders to the VDOC in a timely fashion." As an initial matter, it is not clear from the complaint that defendant Wrena bears the responsibility for sending such orders to the VDOC. However, even assuming, as plaintiff's complaint appears to suggest, that the duties of defendant Wrena included the sending of sentencing orders to the VDOC, plaintiff has not presented anything other than an unsupported and conclusory claim that Wrena failed to discharge his official responsibilities with respect to the sending of those orders by not doing so in a "timely fashion." Moreover, even if defendant Wrena was acting outside of the scope of his official responsibilities with respect to the sentencing orders, at best, plaintiff alleges an isolated claim of negligence against defendant Wrena. Such a claim, however, is insufficient to state a claim actionable under § 1983, as there is no allegation that defendant Wrena deliberately failed send such orders in a timely manner. See Pink, 52 F.3d at 77. Accordingly, plaintiff's claims against defendant Wrena will be dismissed under § 1915A for failure to state a claim and because

Wrena is immune from suit. 28 U.S.C. § 1915A(b)(1)-(2).

## IV.

With respect to plaintiff's claims against the remaining defendants, Fed. R. Civ. P. 11(a), provides that every pleading, written motion and other paper must be signed by an attorney of record, or, if the party is unrepresented, by the party personally. Further, Rule 11(a) requires the Court to strike an unsigned paper unless the omission of the signature is promptly corrected after being called to the attention of the party. The instant complaint consists of a standard § 1983 form and attachments; however, plaintiff failed to sign the complaint. Accordingly, plaintiff will be directed to resubmit the complaint and supporting materials that include his original signature.

Additionally, at present, the allegations in plaintiff's complaint fail to state a § 1983 claim against defendants Forysthe, Barber, Allen, and Robinson. Specifically, nothing in plaintiff's complaint suggests that any of these defendants had any personal knowledge of or involvement in any alleged deprivation of plaintiff's constitutional rights. However, as plaintiff is proceeding pro se, he will be granted an opportunity to particularize and amend his claims against these defendants to state cognizable claims under § 1983.

Additionally, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006) (requiring complete exhaustion of correctional facility administrative remedies). In order to bring this action in the federal courts, plaintiff must receive a response to his grievance and, if unsatisfactory, must pursue it through all available levels of appeal before presenting that claim in federal court. At this time it is unclear whether plaintiff

completely exhausted his institution's administrative remedies. Before this action may proceed, plaintiff will be required to submit additional information concerning his exhaustion of administrative remedies. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 680 (4th Cir. 2005) (deeming improper sua sponte dismissal of a claim on exhaustion grounds).

It is also unclear whether the this action is barred by the applicable statute of limitations. There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims under Virginia Code. § 8.01-243(A), which is the applicable statute of limitations in this action. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D. Va. 2001), aff'd, 49 Fed. Appx. 451 (4th Cir. Oct. 30, 2002) (unpublished opinion). Although plaintiff alleges that his "warrant number" was received, presumably by the jail, on April 5, 2007, it is unclear whether the other allegations and claims in plaintiff's complaint arose within the statute of limitations applicable to this claim. Accordingly, plaintiff will be directed to provide additional information. An appropriate Order shall issue.

Entered this _12__ day of _December_ 2007.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge